# EXHIBIT A

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
12/01/2025 - 8:00AM
Linda Myhre Enlow
Thurston County Clerk

**CIVIL: Torts**

THURSTON COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

**Case Number** 25-2-05773-34          **Case Title** *Stevens-Hill et ano. v. Glamnetic, LLC*

**Attorney Name** Samuel J. Strauss          **Bar Membership Number** 46971

Please check one category that best describes this case for indexing purposes.  Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources.  Cause of action definitions are listed on the back of this form.  Thank you for your cooperation.

**TORT, MEDICAL MALPRACTICE**
☐    MED     Hospital
☐    MED     Medical Doctor
☐    MED     Other Health Care Professional

**TORT, MOTOR VEHICLE**
☐    TMV     Death
☐    TMV     Non-Death Injuries
☐    TMV     Property Damage Only

**TORT, NON-MOTOR VEHICLE**
☒    CPA     Consumer Protection Act
☐    MAL     Other Malpractice
☐    PIN     Asbestos
☐    PIN     Personal Injury
☐    PRP     Property Damages
☐    TTO     Products Liability
☐    VVT     Victims of Motor Vehicle Theft-Civil
☐    WDE     Wrongful Death

---

*Please Note:  Public information in court files and pleadings may be posted on a public Web site.*

*Last updated: 05/21/2025*

**TORT, MEDICAL MALPRACTICE**

**Hospital**-Complaint involving injury or death resulting from a hospital.

**Medical Doctor**-Complaint involving injury or death resulting from a medical doctor.

**Other Health Care Professional**-Complaint involving injury or death resulting from a health care professional other than a medical doctor.


**TORT, MOTOR VEHICLE**

**Death**-Complaint involving death resulting from an incident involving a motor vehicle.

**Non-Death Injuries** -Complaint involving non death injuries resulting from an incident involving a motor vehicle.

**Property Damage Only**-Complaint involving only property damages resulting from an incident involving a motor vehicle.


**TORT, NON-MOTOR VEHICLE**

**Asbestos**-Complaint alleging injury resulting from asbestos exposure.

**Consumer Protection Act**-Actions brought under the Consumer Protection Act. Can be initiated by the WA Attorney General or individuals, others.

**Other Malpractice**-Complaint involving injury resulting from other than professional medical treatment.

**Personal Injury**-Complaint involving physical injury not resulting from professional medical treatment, and where a motor vehicle is not involved.

**Products Liability**-Complaint involving injury resulting from a commercial product.

**Property Damages**-Complaint involving damage to real or personal property excluding motor vehicles.

**Victims of Motor Vehicle Theft**-Complaint filed by a victim of car theft to recover damages. (RCW 9A.56.078).

**Wrongful Death**-Complaint involving death resulting from other than professional medical treatment.

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
12/01/2025 - 8:00AM
Linda Myhre Enlow
Thurston County Clerk

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF THURSTON

MIKAELA MARIE STEVENS-HILLS and
STEPHINE STEWART, on their own behalf
and on behalf of others similarly situated,

                Plaintiffs,

      vs.

GLAMNETIC, LLC,

                Defendant.

Case No.: __25-2-05773-34__

SUMMONS

**TO:**       **THURSTON COUNTY SUPERIOR COURT CLERK**
**AND TO:**  **GLAMNETIC, LLC**

A lawsuit has been started against you in the above-entitled court by Plaintiffs Mikaela Marie Stevens-Hills and Stephine Stewart, by and through their attorney, Samuel J. Strauss of Strauss Borrelli PLLC. Plaintiffs' claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or 60 days if you were personally served outside the state, excluding the day of service, or a default judgment may be entered against you without notice. A

SUMMONS– 1

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

default judgment is one where the plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

*[Counsel signature block to follow on next page.]*

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

DATE:  December 1, 2025

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
Fax:  (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS &
GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

## <u>NOTICE RE:MILITARY SERVICE MEMBERS</u>

**NOTICE**: State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member of the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice.

If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active-duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
12/01/2025 - 8:00AM
Linda Myhre Enlow
Thurston County Clerk

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF THURSTON

8    MIKAELA MARIE STEVENS-HILLS and
STEPHINE STEWART, on their own behalf     Case No.: 25-2-05773-34
9    and on behalf of others similarly situated,

10                          Plaintiffs,     JURY DEMAND

11          vs.

12   GLAMNETIC, LLC,

13                          Defendant.

14

15       Plaintiffs Mikaela Marie Stevens-Hills and Stephine Stewart, by and through their

16   attorneys, individually and on behalf of all others similarly situated, hereby demand a trial by a

17   twelve-person jury in the above-entitled action upon all issues.

18

                            *[Counsel signature block to follow on next page.]*

19

20

21

22

23

24

25   JURY DEMAND – 1

STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

1  DATE: December 1, 2025                    Respectfully submitted,

2                                            */s/ Samuel J. Strauss*
                                             Samuel J. Strauss, WSBA No. #46971
3                                            Raina C. Borrelli*
                                             **STRAUSS BORRELLI PLLC**
4                                            980 N. Michigan Avenue, Suite 1610
                                             Chicago, IL 60611
5                                            Tel.: (872) 263-1100
                                             Fax:  (872) 263-1109
6                                            sam@straussborrelli.com
                                             raina@straussborrelli.com
7
8                                            Lynn A. Toops*
                                             Natalie A. Lyons*
                                             Ian R. Bensberg*
9                                            **COHENMALAD, LLP**
                                             One Indiana Square, Suite 1400
10                                           Indianapolis, IN 46204
                                             Tel.: (317) 636-6481
11                                           ltoops@cohenmalad.com
                                             nlyons@cohenmalad.com
12                                           ibensberg@cohenmalad.com
13                                           J. Gerard Stranch, IV*
                                             Michael C. Tackeff*
14                                           Andrew K. Murray*
                                             **STRANCH, JENNINGS &**
15                                           **GARVEY, PLLC**
                                             223 Rosa L. Parks Avenue, Suite 200
16                                           Nashville, TN 37203
                                             Tel.: (615) 254-8801
17                                           gstranch@stranchlaw.com
                                             mtackeff@stranchlaw.com
18                                           amurray@stranchlaw.com
19
                                             *Attorneys for Plaintiffs*
20
                                             * Applications for admission *pro hac*
21                                           *vice* forthcoming
22
23
24
25

**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
12/01/2025 - 8:00AM
Linda Myhre Enlow
Thurston County Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF THURSTON

MIKAELA MARIE STEVENS-HILLS and
STEPHINE STEWART, on their own behalf
and on behalf of others similarly situated,

                Plaintiffs,

      vs.

GLAMNETIC, LLC,

                Defendant.

Case No.: 25-2-05773-34

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Mikaela Marie Stevens-Hills and Stephine Stewart, on their own behalf and on

behalf of others similarly situated, on information and belief except to their own experiences and

matters of public record, complain of Defendant Glamnetic, LLC, ("Glamnetic") as follows:

## I.    INTRODUCTION

1.    In 1998, to protect Washington consumers from the annoyance and harassment

caused by the burgeoning spam email industry, the Washington State Legislature enacted the

Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised Code

of Washington (RCW).

2.    Among other things, CEMA prohibits transmitting a commercial email with "false

or misleading information in the subject line" to the email address of a Washington resident. RCW

CLASS ACTION COMPLAINT
Page 1

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

19.190.020(1)(b).

3.      Defendant Glamnetic engages in the precise activity which CEMA prohibits.

4.      Glamnetic spams Washington consumers, including Plaintiffs, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets.

5.      This false urgency wastes consumers' time by enticing them to engage with the defendant's marketing efforts for fear of missing out. It also floods consumers' email inboxes with repeated false notifications that the time to act—*i.e. purchase*—is short.

6.      And through this deceptive time-sensitivity, Glamnetic falsely narrows the field—steering consumers away from shopping for better deals—to its own products and services which must be purchased *now*.

7.      Plaintiffs challenge the defendant's harassment of Washington consumers with deceptive marketing for violations of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020) for injuries caused, additionally seeking injunctive relief against such violations in the future.

## II.      JURISDICTION AND VENUE

8.      The Court has jurisdiction of this case under RCW 2.08.010.

9.      Venue is proper in Thurston County under RCW 4.12.020(3) because Defendant is an entity registered in Thurston County, Washington.

## III.      PARTIES

10.      Plaintiff Mikaela Marie Stevens-Hills is a resident of Lewis County, Washington.

11.      Plaintiff Stephine Stewart is a resident of Pierce County, Washington.

12.      Defendant Glamnetic, LLC, is a Delaware limited liability company with its

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

1  principal address at 110 Venetian Way, San Marino Island, Miami Beach, FL 33139, and a

2  registered agent at c/o Cogency Global, Inc., 1780 Barnes Blvd. SW, Tumwater, WA, 98512.

3  ### IV.    FACTUAL ALLEGATIONS

4  **A.    CEMA protects Washington consumers from deceptive spam emails.**

5  13.    The Supreme Court of Washington has made clear: "[A]ll Internet users … bear the

6  cost of deceptive spam." *State v. Heckel*, 143 Wn. 2d 824, 835 (2001) (en banc).

7  14.    In 1998, the Legislature found that the "volume of commercial electronic mail" was

8  "growing," generating an "increasing number of consumer complaints." Laws of 1998, ch. 149,

9  § 1.

10 15.    While it's been nearly three decades since CEMA's enactment, the problems caused

11 by unsolicited commercial email, *i.e.* spam email, have grown exponentially.

12 16.    The problems, however, are not limited to email content. Subject lines of emails are

13 framed to attract consumers' attention away from the spam barrage to a message that entices

14 consumers to click and, ultimately, *purchase*.

15 17.    In 2003, the United States Congress found that "[m]any senders of unsolicited

16 commercial electronic mail purposefully include misleading information in the messages' subject

17 lines in order to induce the recipients to view the messages." 15 U.S.C. § 7701(a)(8).

18 18.    In 2012, one study estimated that Americans bear "costs of almost $20 billion

19 annually" due to unsolicited commercial email. Justin M. Rao & David H. Reiley, *The Economics*

20 *of Spam*, 26 J. of Econ. Perspectives 87, 88 (2012).

21 19.    Even when bulk commercial email marketers are operating under color of consumer

22 consent, the reality is that "[m]ost privacy consent"—especially under the "notice-and-choice"

23 approach predominant in the United States—"is a fiction." Daniel J. Solove, *Murky Consent: An*

24

25

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

*Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024).

20.    Consumers therefore routinely "consent" to receive flurries of commercial emails which they did not meaningfully request and in which they have no genuine interest.

21.    This includes emails sent to consumers from businesses with which they have no prior relationship—by virtue of commercial data brokers and commercial data sharing agreements.

22.    Simply conducting the routine affairs of daily life often exposes consumers to unanticipated and unwanted volumes of commercial email. "Nowadays, you need an email address for everything from opening a bank account to getting your dog's nails trimmed, and … [o]nce you hand over your email address, companies often use it as an all-access pass to your inbox: Think of shopping websites that send account updates, deals, 'we miss you' messages, and holiday promotions throughout the year. It's too much." Kaitlyn Wells, *Email Unsubscribe Services Don't Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), https://perma.cc/U8S6-R8RU/.

23.    The Legislature presciently intended CEMA to "provide some immediate relief" for these problems by prohibiting among other things commercial emails that "contain untrue or misleading information in the subject line." Laws of 1998, ch. 149, § 1.

24.    CEMA thereby protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

25.    CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

26.    CEMA's "truthfulness requirements" thereby advance the statute's aim of protecting consumers "from the problems associated with commercial bulk e-mail" while facilitating commerce "by eliminating fraud and deception." *Id.*

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

27.    CEMA "mean[s] exactly what it says": in "broad" but "patently clear" language, CEMA unambiguously prohibits "sending Washington residents commercial e-mails that contain *any* false or misleading information in the subject lines of such e-mails." *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025).

28.    CEMA's protections do not depend on whether any email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line. *See Harbers*, 415 F. Supp. 3d at 1011.

29.    The statute's only concern is to suppress false or misleading information in the subject line of commercial emails. *See Brown*, 567 P.3d at 44–45.

**B.    The subject lines of Glamnetic's marketing emails make false time scarcity claims.**

30.    One common way online marketers "manipulate consumer choice by inducing false beliefs" is to create a false sense of urgency or to falsely claim that consumers' time to act is scarce. Fed. Trade Comm'n, *Bringing Dark Patterns to Light* 4 (2022), https://perma.cc/847M-EY69/; *see also* U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers* 26 (2022), https://perma.cc/V848-7TVV/.

31.    The FTC has identified the "False Limited Time Message" as one example of false time scarcity claims, in which the marketer creates "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." *Bringing Dark Patterns to Light*, *supra* para. 30, at 22.

32.    "False or misleading scarcity claims can change the behaviour of consumers." *Online Choice Architecture, supra* para. 30, at 27.

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

33.     Representations about the timing and duration of sales, discounts, and other special offers are fundamentally representations about prices, and such representations matter to ordinary consumers. *See, e.g.*, Huiliang Zhao *et al.*, *Impact of Pricing and Product Information on Consumer Buying Behavior with Consumer Satisfaction in a Mediating Role*, 12 Frontiers in Psychology                 720151                 (2021),                 *available                 at* https://pmc.ncbi.nlm.nih.gov/articles/PMC8710754/pdf/fpsyg-12-720151.pdf/.

34.     False scarcity claims are psychologically effective. As "considerable evidence" suggests, "consumers react to scarcity and divert their attention to information where they might miss opportunities." *Online Choice Architecture*, *supra* para. 30, at 26.

35.     Invoking this time pressure achieves a seller's aim to narrow the field of competitive products and deals, by "induc[ing] consumers to rely on heuristics (mental shortcuts), like limiting focus to a restricted set of attributes or deciding based on habit." *Id.*

36.     Under time pressure, "consumers might take up an offer to minimise the uncertainty of passing it up." *Id.*

37.     False time scarcity claims thus *harm consumers* by manipulatively distorting their decision-making to *their detriment—and the seller's benefit*.

38.     Indeed, one 2019 study found that "customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited." *Id.* at 27.

39.     False time scarcity claims also harm market competition. Consumers learn to ignore scarcity claims, "meaning that when a product [or offer] is truly scarce, the seller will not be able to credibly communicate this information." *Id.*

40.     These false time scarcity claims are a staple of the defendant's email scheme to compel consumers to purchase its products.

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

41.     Glamnetic sells beauty products and accessories including press-on nails and magnetic eyelashes. The company's merchandise is available on Glamnetic's website, www.glamnetic.com, and through other retailers.

42.     To advertise its products and encourage purchases from www.glamnetic.com, Glamnetic frequently sends spam emails to consumers.

43.     **Urgent Spam Emails.** Unfortunately for those recipients, Glamnetic regularly titles its emails with urgent subject headings that do not reflect the true availability of the advertised deal. This strategy is demonstrated in the examples below.

44.     Glamnetic's deceptive strategy is no more readily apparent than in its promotion extensions. In these examples, Glamnetic announces promotional pricing, then demands consumers' attention by presenting that pricing as a scarce or time-limited opportunity. Once the advertised deadline has passed, Glamnetic extends the promotion to a new end date.

45.     This misleading marketing strategy allows Glamnetic to maximize sales during the life of a promotion and the subsequent extension. By using false deadlines, however, the approach also prevents consumers from making informed purchasing decisions.

46.     Glamnetic lays the foundation for its scheme by sending consumers an email advertising a new promotion.

47.     It did so on November 27, 2023, regarding a Cyber Monday sale, in an email titled: "It's Cyber Monday!!" The message advertised savings of 35-65% off sitewide and cautioned consumers that the sale was "TODAY ONLY[.]"

48.     Next, Glamnetic uses the subject lines of its follow-up emails to assert false time pressure on recipients. Such headlines urge consumers to purchase from Glamnetic's website by warning them that the offer is coming to an end.

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

49.    The defendant did so, regarding its Cyber Monday sale, late in the day on November 27, 2023, in an email with the subject line: "Ends Soon: Cyber Monday!!" Text running across the top of the message reiterated that it was the "LAST CHANCE" for the sale. Later that same day, Glamnetic sent yet another email emphasizing the conclusion of the promotion. The message was titled: "Re: FINAL HOURS Cyber Monday[.]"

50.    Unfortunately for consumers, the seasonally themed sale was decked out with deception.

51.    To polish off its ruse, Glamnetic sends yet another email once the promotion's end-date passes. For the Cyber Monday sale, such an email was transmitted on November 28, 2023, with the subject line: "Cyber Monday Sale EXTENDED!"

52.    Thus, one day after warning consumers that the sale was ending, Glamnetic extended the sale and proved the falsity of its November 27, 2023, subject lines. Consumers in receipt of the November 27 emails were not at risk of missing the discounts because Glamnetic did not end the promotion on November 27. The false conclusion of the Cyber Monday Sale was simply a marketing strategy meant to compel consumers to purchase items from the defendant's website.

53.    Glamnetic used the same technique when advertising for its Labor Day Sale in August and September 2025.

54.    On August 31, 2025, Glamnetic warned consumers that the promotion was set to expire in an email titled: "Sitewide Sale Ends Tomorrow!"

55.    Then, in two additional emails sent on September 1, Glamnetic used subject lines to emphasize that the deal was scarce. One message was titled: "ATTN: 40% ENDS SOON[.]" The other touted the headline, "LAST CALL: 40% Off[,]" while the message's preview text stated

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

there were "no more chances[.]"

56.     However, there would be another chance. Despite Glamnetic's unambiguous subject lines from August 31 and September 1, it was neither the "last chance" nor the "last call" for the Labor Day promotion.

57.     On September 2, 2025, Glamnetic announced the extension of the Labor Day sale in an email with the title: "Surprise! 🎉 Shop 40% OFF Sitewide Until Tomorrow[.]"

58.     Thus, Glamnetic paired false time pressures from the August 31 and September 1 subject lines with a surprise extension on September 2, 2025. By pelting consumers with misinformation, the defendant ensures that email recipients lack the accurate details needed to make educated buying decisions.

59.     Glamnetic has tinted its other promotions with deception as well.

60.     For example, the defendant periodically warns consumers that their time to benefit from a promotion is almost over. Then, within a short time, Glamnetic revives the same offer, thereby demonstrating the falsity of its previous time scarcity claims.

61.     An apt example of this deceptive practice occurred in late 2023.

62.     As November came to an end, Glamnetic cautioned consumers that its Black Friday promotion would follow suit. On November 24, 2023, the defendant sent an email titled: "Black Friday Is Ending Soon[.]" The promotion offered consumers 35% off sitewide and up to 65% off the price of select items.

63.     The following day, on November 25, 2023, Glamnetic sent another email urging consumers to participate in the sale. The email sent on that date included the headline: "It's Not Too Late[.]"

64.     Even so, the defendant was not finished. On November 26, 2023, Glamnetic

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

pressed on with another email titled: "Black Friday Is Almost Over!!" The graphic within the message emphasized that consumers were now facing the "FINAL HOURS TO SHOP[.]"

65.    Later that same day, the defendant followed up with an email using the headline: "Last Call: Black Friday Deals[.]"

66.    Despite the clear warning communicated in the "final hours" subject line, Glamnetic had applied a heavy gloss to the details of its promotion. In truth, consumers would have considerably more time to obtain the advertised discounts.

67.    On November 27, 2023, the defendant returned to consumers' inboxes to announce a new sale with an email titled: "It's Cyber Monday!!" However, the new promotion simply recycled the same offer: 35-65% off sitewide.

68.    So, the subject lines transmitted from November 24 to November 26 were intended to mislead by asserting false time pressure on consumers. Recipients would have access to the same terms the day after the promotion ended. In fact, the Cyber Monday sale itself would be extended, as discussed above. In contradiction to the "last call," "final hours," "almost over," and "ending soon" warnings deployed in Glamnetic's subject lines, the promo code could be used through November 30, 2023.

69.    Another example comes from August 2024.

70.    On August 1, 2024, Glamnetic sent consumers an email with the headline: "LAST CALL: 25-50% Off Sitewide 🚨 [.]" The body of the email presented the discount as a Birthday sale and specified that the promotion was for 25% off sitewide and 50% off select styles.

71.    Yet the very next day, on August 2, 2024, Glamnetic called on consumers with the same sitewide discount, in an email titled: "Happy Hour Sale: Get 25% off 🍸 [.]"

72.    Thus, contrary to Glamnetic's "LAST CALL" invocation, consumers had

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

additional time to make use of the 25% off sitewide discount.

73.     To the detriment of consumers, Glamnetic blends its deceptive marketing strategy into other promotions, too. For instance, it periodically informs consumers that a sale is ending only to advertise a better offer soon thereafter. Flash sales from 2024 provide an example. Such promotions entail a 24-hour period during which special offers or pricing are available to consumers.

74.     On April 29, 2024, Glamnetic transmitted an email with the subject line: "Flash Sale: 20% Off Sitewide[.]" The message made clear that the sale was for 24-hours only and provided a promo code that consumers could enter on Glamnetic's website to obtain the 20% off discount.

75.     However, the defendant was quick to offer a better deal shortly after the April 29 Flash Sale had concluded.

76.     On May 5, 2024, Glamnetic advertised a better sidewide discount in an email titled: "Flash Sale: 25% off for Cinco de Mayo  🎉 [.]" Thus, the new flash sale provided consumers with improved pricing.

77.     So, Consumers who ignored Glamnetic's April 29, 2024, subject line were, in effect, better off having done so. This fact aptly demonstrates the harm that consumers may experience when businesses conceal the truth. The false time scarcity manufactured by Glamnetic might compel a buyer to purchase from the website so they can obtain the 20% off discount before the advertised ending. Were that buyer not deceived into believing that their chance for a discount would end in a flash, they might have taken the time to research other options or, at the very least, waited a few days and received a deeper 25% off discount on their purchase.

78.     Glamnetic repeated its trick in July.

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

79.    On July 23, 2024, it sent an email titled: "Last Call For Up To 35% OFF 🔔 [.]" The text of the message urged recipients to "hurry" and provided a promo code which they could use to obtain the discount on select lashes and nails.

80.    July 23, however, was not the last call for such savings.

81.    The very next day, on July 24, 2024, Glamnetic offered consumers a better discount in an email with the subject line: "Pamper Yourself: Up to 45% Off 🧴 [.]" Again, the discount was for select lashes and nails available on the defendant's website.

82.    The defendant's misleading marketing efforts did not end with the false "last call" claim from July 23.

83.    Glamnetic injected deceit into a sitewide sale in November 2024 as well.

84.    On November 28, 2024, it sent an email with the subject line: "LAST CALL 🔔 30% OFF SITEWIDE[.]"

85.    Consumers would receive a better discount the following day, November 29, 2024, in an email titled: "Happening Now: 35% Off Sitewide[.]" The November 28, 2024, email was not actually a last call.

86.    Subject lines such as the one transmitted on November 28 reflect the same objective. Glamnetic sends them to pressure consumers to act quickly and participate in an offer before the purported deadline. Then, after the advertised end-date passes, consumers are spammed with a better deal. This process prevents consumers from making informed purchasing decisions.

87.    In other instances, Glamnetic warns consumers that reduced pricing on a specific product is coming to an end, then announces a sitewide sale to encompass such items.

88.    For example, on February 7, 2025, Glamnetic sent an email with the headline: "LAST CALL: 20% off[.]" The body of the email stated that the promotional offer applied to

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

orders containing "select pink nails."

89.     A few days later, on February 10, 2025, the defendant announced a more inclusive and a higher discount sale in an email titled: " 🚨 Sitewide Sale! 🚨 [.]" The email provided a promo code that could be used to obtain up to 30% off sitewide.

90.     The misleading nature of these communications couldn't be clearer. A consumer in receipt of the February 7, 2025, email is urged to make their purchase quickly because the subject line advises that the reduced pricing is ending soon. However, within days, improved pricing was available.

91.     Glamnetic repeated the strategy the following month.

92.     On March 7, 2025, it sent an email with the subject line: "TODAY ONLY: 20% off 👜 [.]" The email announced a "20% Off Employee's Faves" promotion and provided links to specific items on Glamnetic's website.

93.     Then, as it did the previous month, Glamnetic sent an email announcing another sitewide sale. The email was sent on March 9, 2025, and titled: " 🚨 FLASH SALE 🚨 [.]" The body of the message confirmed that Glamnetic was again offering up to 30% off sitewide. Again, the defendant had emphasized the scarcity of a deal only to offer a better and more inclusive discount shortly thereafter.

94.     Glamnetic reapplied the strategy in Summer 2025.

95.     On June 24, 2025, it transmitted an email with the headline: "LAST CALL: 20% OFF for Summer Solstice Sale 🕐 [.]" The promotion was applicable to "select nails, lashes + accessories[.]"

96.     However, a significantly deeper discount would be available soon.

97.     On July 1, 2025, Glamnetic sent consumers an email titled: "Our July 4th Sale Just

STRAUSS BORRELLI PLLC
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

Dropped[.]" The email announced an up to 35% off sitewide promotion described as a "4th of July Sale." Again, the new promotion provided better savings.

98.    As these promotions demonstrate, Glamnetic employs a strategy where it pressures consumers to purchase products from its website by falsely representing the limited availability of its offers; offers that are repackaged, repeated, and redeployed.

99.    These and other examples of the commercial emails that Glamnetic has sent consumers containing subject lines with false or misleading statements are attached to this Class Action Complaint as Exhibit A.

**C.    Glamnetic knows when it sends emails to Washington residents.**

100.    A sophisticated commercial enterprise, like Glamnetic, which is engaged in persistent marketing through mass email campaigns across the United States, has several ways of knowing where the recipients of its marketing emails are located. The means it employs are peculiarly within its knowledge.

101.    First, the sheer volume of email marketing that Glamnetic engages in put it on notice that Washington residents would receive its emails.

102.    Second, Glamnetic may obtain location information tied to email addresses when consumers make purchases from Glamnetic through digital platforms, including the Glamnetic website, or otherwise self-report such information to Glamnetic.

103.    Third, Glamnetic may obtain location information tied to email addresses by tracking the IP addresses of devices used to open its emails, which in turn can be correlated to physical location (as illustrated, for example, by the website https://whatismyipaddress.com/).

104.    Specifically, Glamnetic likely uses Klaviyo to manage its email marketing campaigns. campaigns. Klaviyo informs Glamnetic where the recipients of its marketing emails

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

are located using IP geolocation and other data extracted from recipients' interactions with Glamnetic, which Klaviyo tracks in detail.[1] Thus, this platform should allow Glamnetic to access a list of every email address that was sent a marketing email. It should also allow Glamnetic to determine who viewed the emails and who clicked on any links within them.

105.    Glamnetic is likely able to infer the general geographic location of recipients by state based on their IP address at the time of email open or link click.

106.    Fourth, Glamnetic may obtain location information tied to email addresses by purchasing consumer data from commercial data brokers such as Acxiom, Oracle, and Equifax, which sell access to databases linking email addresses to physical locations, among other identifiers.

107.    Fifth, Glamnetic may obtain location information tied to email addresses by using "identity resolution" services offered by companies such as LiveRamp, which can connect consumers' email addresses to their physical locations, among other identifiers.

108.    Sixth, Glamnetic may obtain information that the recipients of its marketing emails are Washington residents because that information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. *See* RCW 19.190.020(2).

109.    It is thus highly probable that a seller with the size and sophistication of Glamnetic employs not just one but several means of tying consumers' email addresses to their physical locations, at least at the state level.

---

[1] *See* "Understanding when and how Klaviyo sets a profile's location," Klaviyo (July 7, 2025) (describing "how a profile's location and timezone information are set and updated"), https://help.klaviyo.com/hc/en-us/articles/115005073907/; "Understanding profiles in Klaviyo," Klaviyo (Aug. 5, 2025) ("Each individual profile features an activity log to capture a timeline of their interactions with your business," including receiving emails, opening emails, and clicking links within emails.), https://help.klaviyo.com/hc/en-us/articles/115005247088/.

CLASS ACTION COMPLAINT
Page 15

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

1

**D.**    **Glamnetic violated Plaintiffs' rights under CEMA to be free from deceptive commercial emails.**

2

3    110.    Glamnetic has spammed Plaintiffs with commercial emails whose subject lines

4    contain false or misleading statements in violation of their right to be free from such annoyance

5    and harassment under CEMA.

6    111.    Plaintiffs received a number of the email promotions described above in Section B.

7    112.    Plaintiff Stevens-Hill received the July 24, 2024, email titled, "Last Call For Up To

8    35% OFF 🔔 [,]" and the August 2, 2024, email titled, "LAST CALL: 25-50% Off Sitewide 🔔

9    [.]"

10    113.    Plaintiff Stewart received the August 31, 2025, email titled: "Sitewide Sale Ends

11    Tomorrow!" and the September 1, 2025, email titled: "LAST CALL: 40% Off[.]"

12    114.    These emails were false or misleading in violation of CEMA, for misrepresenting

13    the timing of the deals, as described herein.

14    115.    These emails contained false statements of fact as to the "duration or availability of

15    a promotion." *Brown*, 567 P.3d at 47.

16    **V.    CLASS ALLEGATIONS**

17    116.    Plaintiffs bring this action under Civil Rule 23 on behalf of the following putative

18    class ("Class"):

19                All Washington citizens holding an email address to which
                 Defendant sent or caused to be sent any email listed in Exhibit A
20                during the Class Period.

21    117.    Excluded from this definition of the Class are Defendant's officers, directors, and

22    employees; Defendant's parents, subsidiaries, affiliates, and any entity in which Defendant has a

23    controlling interest; undersigned counsel for Plaintiffs; and all judges and court staff to whom this

24

25    CLASS ACTION COMPLAINT
       Page 16

1   action may be assigned, as well as their immediate family members.

2       118.    The Class Period extends from the date four years before this Class Action

3   Complaint is filed to the date a class certification order is entered in this action.

4       119.    Plaintiffs reserve the right to amend the Class definition as discovery reveals

5   additional emails containing false or misleading information in the subject line that Defendant sent

6   or caused to be sent during the Class Period to email addresses held by Washington residents.

7       120.    The Class is so numerous that joinder of all members is impracticable because the

8   Class is estimated to minimally contain thousands of members.

9       121.    There are questions of law or fact common to the class, including without limitation

10  whether Defendant sent commercial emails containing false or misleading information in the

11  subject line; whether Defendant sent such emails to email addresses it knew or had to reason to

12  know were held by Washington residents; whether Defendant's conduct violated CEMA; whether

13  Defendant's violation of CEMA constituted a *per se* violation of the Consumer Protection Act,

14  RCW 19.86.020 (CPA); and whether Defendant should be enjoined from such conduct.

15      122.    Plaintiffs' claims are typical of the Class's because, among other reasons, Plaintiffs

16  and Class members share the same statutory rights under CEMA and the CPA, which Defendant

17  violated in the same way by the uniform false or misleading marketing messages it sent to all

18  putative members.

19      123.    Plaintiffs will fairly and adequately protect the Class's interests because, among

20  other reasons, Plaintiffs share the Class's interest in avoiding unlawful false or misleading

21  marketing; have no interest adverse to the Class; and have retained competent counsel extensively

22  experienced in consumer protection and class action litigation.

23      124.    Defendant has acted on grounds generally applicable to the Class, in that, among

24

25  CLASS ACTION COMPLAINT
    Page 17

1  other ways, it engaged in the uniform conduct of sending uniform commercial emails to Plaintiffs

2  and the Class, which violate CEMA and the CPA in the same way, and from which it may be

3  enjoined as to Plaintiffs and all Class members, thereby making appropriate final injunctive relief

4  with respect to the Class as a whole.

5      125.    The questions of law or fact common to the members of the Class predominate over

6  any questions affecting only individual members, in that, among other ways, Defendant has

7  violated their rights under the same laws by the same conduct, and the only matters for individual

8  determination are the number of false or misleading emails received by each Class member and

9  that Class member's resulting damages.

10     126.    A class action is superior to other available methods for the fair and efficient

11  adjudication of the controversy because, among other reasons, the claims at issue may be too small

12  to justify individual litigation and management of this action as a class presents no special

13  difficulties.

14              **VI.    CLAIMS TO RELIEF**

15              **First Claim to Relief**

16    **Violation of the Commercial Electronic Mail Act, RCW 19.190.020**

17     127.    Plaintiffs incorporate and reallege paragraphs 1–115 above.

18     128.    CEMA provides that "[n]o person may initiate the transmission, conspire with

19  another to initiate the transmission, or assist the transmission, of a commercial electronic mail

20  message … to an electronic mail address that the sender knows, or has reason to know, is held by

21  a Washington resident that … [c]ontains false or misleading information in the subject line."

22  RCW 19.190.020(1)(b).

23     129.    Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

24

25  CLASS ACTION COMPLAINT
   Page 18

130.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

131.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents, including because Defendant knew that Plaintiffs and putative members were Washington residents as such "information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address." RCW 19.190.020(b)(2).

132.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

133.    For Defendant's violation of CEMA, Plaintiffs are entitled to all available relief, including an injunction against further violations.

### Second Claim to Relief

### Violation of the Consumer Protection Act, RCW 19.86.020

134.    Plaintiffs incorporate and reallege paragraphs 1–115 above.

135.    The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

136.    A violation of CEMA is a *per se* violation of the CPA. RCW 19.190.030.

137.    A violation of CEMA establishes all the elements necessary to bring a private action under the CPA. *Wright v. Lyft*, 189 Wn. 2d 718 (2017).

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

138.    CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

139.    Defendant is a "person" within the meaning of CEMA. RCW 19.190.010(11).

140.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transition of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

141.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents.

142.    Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

143.    For Defendant's violation of the CPA, Plaintiffs and putative members are entitled to an injunction against further violations; the greater of Plaintiffs' actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee.

## VII.    JURY DEMAND

144.    Plaintiffs will demand a jury trial by separate document in accordance with Local Civil Rule 38(b).

## VIII.   PRAYER FOR RELIEF

Plaintiffs ask that the Court:

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

A.    Certify the proposed Class, appoint Plaintiffs as Class representative, and appoint undersigned counsel as Class counsel;

B.    Enter a judgment in Plaintiffs' and the Class's favor permanently enjoining Defendant from the unlawful conduct alleged;

C.    Enter a judgment in Plaintiffs' and the Class's favor awarding actual or liquidated damages, trebled, according to proof;

D.    Award Plaintiffs' costs of suit, including reasonable attorneys' fees; and

E.    Order such further relief the Court finds appropriate.

*[Counsel signature block to follow on next page.]*

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

DATE:  December 1, 2025

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
Fax:  (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com


Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com


J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS &
GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com


*Attorneys for Plaintiffs*

* Applications for admission *pro hac
vice* forthcoming

CLASS ACTION COMPLAINT
Page 22

# — EXHIBIT  A —

1

2

3

4

5

6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF THURSTON

7

8    MIKAELA MARIE STEVENS-HILLS and
STEPHINE STEWART, on their own behalf
and on behalf of others similarly situated,

Case No.: _____

9
CLASS ACTION COMPLAINT

Plaintiffs,

10
EXHIBIT A

11        vs.

12    GLAMNETIC, LLC,

13                    Defendant.

| Date | Subject Line |
|------|--------------|
| 11/24/23 | Black Friday Is Ending Soon |
| 11/26/23 | Last Call: Black Friday Deals |
| 11/26/23 | Black Friday Is Almost Over!! |
| 11/27/23 | Ends Soon: Cyber Monday!! |
| 11/27/23 | Re: FINAL HOURS Cyber Monday |
| 4/29/24 | Flash Sale: 20% Off Sitewide |
| 7/23/24 | Last Call For Up To 35% OFF 🔔 |
| 8/1/24 | LAST CALL: 25-50% Off Sitewide 🔔 |
| 11/28/24 | LAST CALL 🔔 30% OFF SITEWIDE |
| 2/7/25 | LAST CALL: 20% off |
| 3/7/25 | TODAY ONLY: 20% off 💼 |
| 6/24/25 | LAST CALL: 20% OFF for Summer Solstice Sale 🕐 |
| 8/31/25 | Sitewide Sale Ends Tomorrow! |
| 9/1/25 | ATTN: 40% ENDS SOON |

CLASS ACTION COMPLAINT
EXHIBIT A - Page 1

| Date | Subject Line |
|------|-------------|
| 9/1/25 | LAST CALL: 40% Off |

CLASS ACTION COMPLAINT
EXHIBIT A - Page 2

**STRAUSS BORRELLI PLLC**
980 North Michigan Ave., Suite 1610
Chicago, Illinois 60611
TEL. 872.263.1100 • FAX 872.263-1109
straussborrelli.com

E FILED
THURSTON COUNTY, WA
SUPERIOR COURT
12/02/2025 5:37:34 AM
Linda Myhre Enlow
Thurston County Clerk

| | |
|---|---|
| **SUPERIOR COURT OF WASHINGTON**<br>**IN AND FOR THURSTON COUNTY** | |

| | |
|---|---|
| MIKAELA MARIE STEVENS HILLS<br><br>VS<br><br>GLAMNETICS LLC | No. <u>25-2-05773-34</u><br>**NOTICE OF ASSIGNMENT AND NOTICE OF**<br>**TRIAL SETTING DATE** |

TO:    THURSTON COUNTY CLERK
         ATTORNEYS/LITIGANTS

PLEASE TAKE NOTICE:

1.   That the above-noted case number is assigned to: **The Honorable** <u>**Christopher Lanese**</u>

2.   That the trial setting date for this case is: **April 03, 2026**

> **Do not come to court on the trial scheduling date.** Do not call or e-mail the court. Instead, file a scheduling questionnaire and serve it on the other parties. The questionnaire is attached to this notice. Review Local Court Rule 40 for more information about scheduling.

3.   **Plaintiff**: You must serve both this notice and a <u>blank</u> scheduling questionnaire 14 days prior to the trial setting date.  If there is no proof of service, the court will not issue a case scheduling order.  You must file a <u>completed</u> scheduling questionnaire 5 court days prior to the trial setting date.

4.   **All Other Parties**: You must file and serve a completed scheduling questionnaire 2 court days prior to the trial setting date.  Joint submissions by both parties are also accepted on this date.

5.   Failure to timely submit a scheduling questionnaire shall not be grounds to delay issuing a case schedule order, and it shall not be grounds to continue the trial unless good cause is demonstrated.

6.   The court will not issue a case schedule order unless the case is ready to be scheduled.  "Readiness" for scheduling is explained in Local Court Rule 40, which is available on the court's web site and in law libraries.

7.   Parties can obtain an earlier trial scheduling date by filing and serving a notice of issue form.

Dated on this the 2nd day of December, 2025.

NOTICE OF ASSIGNMENT                                     THURSTON COUNTY SUPERIOR COURT
                                                                                    2000 LAKERIDGE DR SW
                                                                                    OLYMPIA WA 98502

Hearing date: _____

Hearing time: _____

Judge/Calendar: _____

| SUPERIOR COURT OF WASHINGTON IN AND FOR THURSTON COUNTY |
|---|

| MIKAELA MARIE STEVENS HILLS<br><br>VS<br><br>GLAMNETICS LLC | No. <u>25-2-05773-34</u><br>**SCHEDULING QUESTIONNAIRE SUBMITTED BY:**<br>☐ Plaintiff/Petitioner/Appellant<br>    (file 5 court days before trial setting)<br>☐ Defendant/Respondent<br>    (file 2 court days before trial setting)<br>☐ Joint Submission or ☐ Other Party: _____<br>    (file 2 court days before trial setting) |
|---|---|

**See Local Court Rule 40 to learn how the court schedules cases.**

1.  Will this be a [  ] bench trial, [  ] jury trial, or [  ] appeal from lower court or agency?

    **Note:** Jury demands must be filed separately and are due by the trial setting date under CR 38(b).

2.  Have all of the defendants or respondents been served:  [  ] Yes    [  ] No

3.  If this is an appeal, has the appellate record (including any transcript) been delivered to the court clerk, or is there a separate certification that the record at this court is complete? [  ] Yes  [  ] No

4.  If this is an appeal from an agency, do you wish to directly transfer it to the Court of Appeals under RCW 34.05.518? [  ] Yes  [  ] No (explain):
    _____

5.  Is this case subject to civil arbitration? [  ] Yes  [  ] No

6.  How long do you estimate the trial or final hearing will take? _____ hours or _____ days.

7.  When do you anticipate this case will be ready for trial? Month: _____ Year: _____

8.  When are you **unavailable** for trial in the next 24 months? (attach unavailable dates).

9.  Should this case be scheduled as a priority or does this case require special management by the judge? [  ] No   [  ] Yes (explain):

**Date:** _____

SIGNED/Bar No.: _____    SIGNED/Bar No: _____

Name:_____    Name: _____

Address:_____    Address:_____

Telephone No:_____    Telephone No. _____

E-mail address:_____    E-mail address:_____

SCHEDULING QUESTIONNAIRE                    THURSTON COUNTY SUPERIOR COURT
                                            2000 LAKERIDGE DR SW
                                            OLYMPIA WA 98502

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR THE COUNTY OF THURSTON

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
12/05/2025 - 12:14PM
Linda Myhre Enlow
Thurston County Clerk

**MIKAELA MARIE STEVENS-HILLS and STEPHINE STEWART, on their own behalf and on behalf of others similarly situated,**

    *Plaintiff(s) / Petitioner(s)*

    Case No.: 25-2-05773-34

v.

**Glamnetic, LLC**

    *Defendant(s) / Respondent(s)*

### AFFIDAVIT OF SERVICE

I, Karen Wolcott, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to GLAMNETIC, LLC in Thurston County, WA on December 5, 2025 at 11:04 am at 1780 Barnes Blvd. SW, Tumwater, WA 98512 by leaving the following documents with Megan Brannberg who as Admin Assistant at Cogency Global Inc is authorized by appointment or by law to receive service of process for GLAMNETIC, LLC.

JURY DEMAND
NOTICE OF ASSIGNMENT AND NOTICE OF TRIAL SETTING DATE
SUMMONS
CLASS ACTION COMPLAINT
Case Information Cover Sheet (CICS)
SCHEDULING QUESTIONNAIRE

White Female, est. age 25-34, glasses: N, Black hair, 120 lbs to 140 lbs, 5' 3" to 5' 6".
Geolocation of Serve: https://google.com/maps?q=47.0189984,-122.9213671
Photograph: See Exhibit 1

Total Cost: $127.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

/s/ *Karen Wolcott*
_____

Executed in

_Thurston County_____,

_WA____ on __12/5/2025_____.

Signature
Karen Wolcott
+1 (360) 448-1014
25-0114-02

Exhibit 1a)



## Case Information

25-2-05773-34 | MIKAELA MARIE STEVENS HILLS vs GLAMNETICS LLC

Case Number
25-2-05773-34

Court
Thurston

Judicial Officer
Lanese, Christopher

File Date
12/01/2025

Case Type
CPA Consumer Protection Act

Case Status
Active

## Party

Plaintiff
STEVENS HILLS, MIKAELA MARIE

Active Attorneys ▼
Lead Attorney
Strauss, Samuel Joseph
Retained

Plaintiff
STEWART, STEPHINE

Defendant
GLAMNETICS LLC

## Events and Hearings

| 12/01/2025 Case Information Cover Sheet |
| 12/01/2025 Summons |
| 12/01/2025 Complaint |
| 12/01/2025 Demand for Jury 12 Person |
| 12/02/2025 Notice of Assignment |
| 12/05/2025 Affidavit Declaration Certificate Confirmation of Service |

04/03/2026 Assignment for Trial Setting ▾

Judicial Officer
**Lanese, Christopher**

Hearing Time
**9:00 AM**