**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

MIKAELA MARIE STEVENS-HILLS and
STEPHINE STEWART, on their own behalf
and on behalf of others similarly situated,

        Plaintiffs,

    v.

GLAMNETIC, LLC,

        Defendant.

Case No. 3:26-cv-05003-DGE

Honorable District Judge David G. Estudillo

PARTIES' JOINT STATUS REPORT AND
DISCOVERY PLAN PURSUANT TO
FED. R. CIV. P. 26(F)

## I.      INTRODUCTION

The Parties, Plaintiffs Mikaela Marie Stevens-Hills and Stephine Stewart ("Plaintiffs") and

Defendant Glamnetic, LLC, ("Glamnetic" or "Defendant"), present this Joint Status Report and

Discovery Plan, pursuant to Fed. R. Civ. P. 26(f).  The Parties conferred by videoconference on

April 8, 2026, in a Rule 26(f) conference about the topics recited in this report.

## II.      JOINT STATUS REPORT

**1.     A statement of the nature and complexity of the case.**

This is a proposed class action case originally filed on December 1, 2026, in state court

(Case No. 25-2-05773-34, Thurston County) in which Plaintiffs have pleaded claims on their own

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 1

behalf and on behalf of the proposed class members under the Washington Commercial Electronic Mail Act ("CEMA"), RCW 19.190.020, and the Washington Consumer Protection Act, RCW 19.86.020.

**Plaintiffs' Statement**

Plaintiffs allege, in summary, that Glamnetic engages in a pattern of spamming Plaintiffs and putative class members with emails containing "false time scarcity" messages in the emails' subject headings, as to deals, sales and/or pricing on its products. Class Action Complaint, Dkt. No. 1-5 *Id.* at ¶¶ 30-99. As pled by Plaintiffs, these deceptive and/or false messages regarding the availability of deals or pricing violate CEMA's prohibition against knowingly sending emails that contain "false or misleading information in the subject line," which likewise constitutes a *per se* violation of the CPA. *Id.* at ¶¶ 134-143.

Courts are routinely denying motions to dismiss that raise issues such as those raised by Glamnetic below. *See Agnew v. Macy's Retail Holdings, LLC*, 2026 WL 764140 (W.D. Wash. Mar. 18, 2026); *Shahpur v. Ulta Salon, Cosmetics & Fragrance, Inc.*, 2026 WL 571122 (E.D. Wash. Feb. 27, 2026); *Jerde v. Bylt LLC*, 2026 WL 415445 (W.D. Wash. Feb. 13, 2026); *Kempf v. Fullbeauty Brands Ops., LLC*, 2026 WL 395677 (W.D. Wash. Feb. 12, 2026); *Ma v. Nike, Inc.*, 2026 WL 100731 (W.D. Wash. Jan. 14, 2026); *Harrington v. Vineyard Vines, LLC*, —F. Supp. 3d.—, 2025 WL 3677479 (W.D. Wash. Dec. 18, 2025).

**Glamnetic's Statement**

Glamnetic denies any allegations of wrongdoing and liability and denies that Plaintiffs or the proposed class are entitled to any relief. Glamnetic sends marketing emails regarding available promotions to individuals who register to receive these emails. Glamnetic is currently investigating whether Plaintiffs agreed to a California choice of law provision when Plaintiffs signed up to

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 2

receive email marketing. If so, Plaintiffs have failed to state a claim for relief under California law. Even if Washington law applies to this claim, Glamnetic denies that its emails are misleading or otherwise violate Washington law and denies that Plaintiffs are entitled to damages or injunctive relief. In addition, while Plaintiffs identify 15 emails that Glamnetic purportedly sent in the Complaint, Plaintiffs do not allege that they received 11 of these emails.

To the extent Plaintiffs state a claim under CEMA, that claim is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM") and violates the dormant Commerce Clause. No class should be certified because no feasible means exist to identify which emails were received, read, or relied on, let alone by Washington residents located in Washington. In addition, Plaintiffs are atypical and inadequate class representatives because they concede that they did not receive 11 of the 15 emails referenced in the Complaint. In addition, the emails that Mikaela Marie Stevens-Hills allegedly received from Glamnetic were sent in connection with different promotions.

**2.      Proposed deadline for the joining of additional parties.**

The Parties propose that the deadline to amend the pleadings and join additional parties will be 30 days prior to the close of discovery.

**3.      Consent to case assignment to magistrate judge.**

The Parties do not agree to assign this case to a magistrate judge.

**4.      Discovery Plan.**

**a.      Initial Disclosures.**

Initial Disclosures are due on <u>April 16, 2026</u>.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 3

b.      **Subjects, timing, and potential phasing of discovery.**

**Plaintiffs' Position**

Discovery by Plaintiffs: Plaintiffs propose that discovery proceed without phasing. Plaintiffs intend to conduct discovery both on their individual claims and to prepare a record for their forthcoming class certification motion under Federal Rule of Civil Procedure 23. *Clausen Law Firm v. NACLE*, 827 F.Supp.2d 1262, 1272-73 (W.D. Wash. 2010) (Rule 23 "contemplates that parties have a reasonable opportunity to conduct discovery and develop the facts needed for a certification determination"); *see also* Fed. R. Civ. P. 23(c)(1) 2003 Advisory Committee Notes ("Time may be needed to gather information necessary to make the certification decision.").

Defendants misstate both the law and the practical realities of Rule 23 discovery. While the Advisory Committee Note to Rule 23(c)(1)(A) contemplates that discovery be "controlled," it does not authorize the artificial restriction Defendants propose. To the contrary, it recognizes that discovery relevant to class certification necessarily overlaps with the merits, and cannot be meaningfully cabined at the outset without impairing a plaintiff's ability to meet Rule 23's requirements. The Advisory Committee Note on which Defendants rely does not endorse bifurcation or limitation to individual claims, but instead acknowledges that merits discovery is often required to inform certification. Here, the very issues Defendants identify—whether class members received emails, where they were located, and whether Defendants' practices were uniform—go directly to predominance, commonality, and typicality, and therefore are properly within the scope of pre-certification discovery. Defendants' attempt to characterize such discovery as "premature" ignores that Plaintiffs must obtain this evidence in order to move for class certification at all. Limiting discovery in the manner Defendants propose would not "control" discovery—it would improperly prevent it.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 4

Plaintiffs seek discovery regarding Defendant's email marketing campaigns, all interactions with the Plaintiffs, documents concerning Defendant's selection of subject headings for emails sent to Washington consumers, and records demonstrating that Defendant knew its emails were being sent to solicit consumers located in Washington. Additional discovery topics include (1) Defendant's knowledge of and involvement in the deceptive email practices alleged in the operative Complaint; (2) the identity and actions of agents of the Defendant in crafting the practices alleged in the operative Complaint; (3) the scope and extent of the proposed Classes; (4) all evidence relating to the email communications at issue; (5) all data showing how the email subject headings affected sales; (6) any defenses; and (7) related communications and records in Defendant's possession.

Plaintiffs believe discovery should be completed <u>90 days prior to the date of the trial or March 12, 2027, whichever is earlier</u>.

**Glamnetic's Position**

Aside from limited discovery, Glamnetic objects to conducting discovery during the pendency of Glamnetic's Motion to Dismiss Plaintiffs' Complaint (the "Motion to Dismiss"). The Motion to Dismiss was filed on January 26, 2026, has been fully briefed, and raises threshold issues which do not require discovery. Plaintiffs and Glamnetic have reached an agreement whereby Glamnetic will provide a limited amount of discovery to Plaintiffs while the Motion to Dismiss is pending.

If this case proceeds to discovery, Glamnetic anticipates seeking discovery on all subjects related to Plaintiffs' claims and Glamnetic's defenses, including, but not limited to,

- Plaintiffs' email account and records;

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 5

- Documents and testimony from Plaintiffs related to Glamnetic, including their communications and relationship with Glamnetic;

- Documents and testimony from Plaintiffs related to the emails alleged in the Complaint, including whether they received, opened, read, or relied on the emails and where they were located when they did so, and whether they took any actions based on or incurred any damages resulting from the emails;

- Documents and testimony from Plaintiffs relating to their suitability to serve as a class representative;

- The terms of Plaintiffs' engagement of counsel in this lawsuit and any communications involving Plaintiffs responding to advertisements seeking potential class members.

Additionally, Glamnetic believes discovery should be limited pre-certification to the merits of Plaintiffs' individual claims and to issues relevant to class certification. *See* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled" and "limited to those aspects [of the merits of the case] relevant to making the certification decision").

It would be premature to conduct discovery, for example, for every possible class member during the entire proposed class period for evidence of whether each email recipient received each of the challenged emails in Washington, let alone whether they opened, read, and relied on them and whether they were residents of Washington and in Washington when they received such emails. Instead, it would be appropriate and proportionate to conduct discovery regarding class certification issues, such as whether individualized inquiries relating to Glamnetic's preemption and dormant Commerce Clause defenses predominate.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 6

Plaintiffs misstate Glamnetic's position. Glamnetic is not stating that it is unwilling to provide class discovery; instead, it simply requests that class discovery be initially limited to issues that are relevant to class certification. For example, Glamnetic believes that production of all of the marketing emails that it sent to putative class members during the entire proposed class period would be disproportionate to the limited issues in dispute during the pre-certification process.

Glamnetic proposes that pre-certification discovery should be completed within ten (10) months of the Court's decision on the Motion to Dismiss. This deadline provides the necessary time to conduct class certification discovery. Should this Court certify a class, Glamnetic proposes an additional, normative pretrial discovery period after class certification to prepare for trial of the certified class's claims.

### c.      Electronically stored information.

If discovery proceeds or the Parties voluntarily agree to share information, the Parties anticipate the exchange of some Electronically Stored Information ("ESI") and are currently negotiating a modified version of the Model Protocol for Discovery of ESI. The Parties agree that all discoverable ESI will be preserved and that, to identify discoverable ESI, the Parties will work cooperatively to determine the location of ESI and whether ESI should be produced in native or other formats.

### d.      Privilege issues.

The Parties are presently unaware of any unique or specific issues of privilege in this case. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, and will confer, based on the nature, scope, and volume of the specific documents produced, on an appropriate format and timing for preparing and providing any privilege log. The Parties will submit a proposed Stipulated Protective Order that will cover procedures for handling

confidentiality designations in this matter, including inadvertent production of privileged and/or protected material, and the production of privilege logs. The Parties will use the Court's model stipulated protective order as a starting point, and, if any changes are proposed to the model stipulated protective order, the parties will abide by the Court's rules in submitting same. Proposed limitations on discovery.

Plaintiffs' Position: Plaintiffs do not anticipate the need for any changes or limitations on discovery beyond those provided in the Federal Rules of Civil Procedure and the local rules and orders of this Court. Plaintiffs reserve the right to seek modifications in the future, including additional interrogatories or depositions if necessary. Plaintiffs oppose any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter.

Defendant's Position: *See* No. 4(b) above. Plaintiffs and Glamnetic have reached an agreement regarding the scope of discovery that Glamnetic will provide while the Motion to Dismiss is pending. Glamnetic also requests that this Court limit discovery before class certification to Plaintiffs' individual claims and class certification issues, with an additional post-certification, should a class be certified.

### e.      Need for any discovery related orders.

The Parties do not anticipate the need for any discovery-related orders at this time but will seek Court intervention on discovery-related issues if necessary. As set forth above, Glamnetic requests that this Court limit discovery before class certification to Plaintiffs' individual claims and class certification issues, with an additional discovery period post-certification, should a class be certified. As set forth above, Plaintiffs oppose any artificial limitation on discovery as it will

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 8

result in efficiencies, disputes, and potentially inhibit Plaintiffs ability to move for class certification.

If discovery proceeds or the Parties voluntarily agree to share information, the Parties anticipate the exchange of some confidential materials and are working cooperatively to determine whether to enter into a modified version of the Model Stipulated Protective Order.

## 5.    Local Rule 26(f)(1) Topics.

### a.    Prompt case resolution.

The Parties will work efficiently to resolve any disputed issues in this case and believe that it is too early to assess prompt case resolution at this point.

### b.    Alternative dispute resolution.

The Parties have conferred and agree that this case is ill-suited for mediation prior to a ruling on Defendant's motion to dismiss. The Parties agree that private mediation would likely suit the needs of this case, should the case proceed beyond the pleadings.

### c.    Related cases.

The Parties are unaware of any related cases pending before this Court or cases in other jurisdictions involving the specific issues in this case.

### d.    Discovery management.

The Parties intend to adhere to the discovery procedures as set forth in the Federal Rules of Civil Procedure. No discovery has been served to date. If discovery proceeds or the Parties voluntarily agree to share information, the Parties intend to take discovery on the claims and defenses asserted in the operative pleadings. The Parties also intend to cooperate in managing discovery efficiently. The Parties will request case management conferences as needed with the Court to move discovery forward.

### e.    Anticipated discovery sought.

Plaintiffs' Position: *See* Section 4(b) above. Plaintiffs anticipate ESI discovery from Defendant. The parties expect to exchange written discovery, expert reports, and take fact and expert witness depositions. This includes individual and class wide discovery occurring simultaneously because discovery will overlap greatly, if not entirely.

Defendant's Position: *See* Section 4(b) above.  Glamnetic anticipates seeking discovery on all subjects related to Plaintiffs' claims and Glamnetic's defenses, and it anticipates requiring ESI from Plaintiffs.  Glamnetic expects to exchange written discovery, expert reports, and take fact and expert witness depositions.

### f.    Phasing motions.

Plaintiffs' Position: Plaintiffs refer to their statement filed above in Paragraph 4(b) regarding phasing motions.

Defendant's Position: *See* Section 4(b) above.

### g.    Preservation of discoverable information.

The Parties are aware of their respective preservation obligations. At this time, there are no issues on the preservation of discoverable information.

### h.    Privilege issues.

The Parties refer to their statements in Paragraph 4(d) above.

### i.    Model Protocol for Discovery of ESI.

The Parties are currently negotiating an ESI order.

### j.    Alternatives to Model Protocol.

The Parties are currently negotiating an ESI order and Protective Order.

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 10

**6.      The date by which discovery can be completed.**

Plaintiffs' Position

Plaintiffs believe discovery should be completed by 90 days prior to the date of trial or March 12, 2027, whichever is earlier.

Glamnetic's Position

Glamnetic proposes that pre-certification discovery should be completed within **ten (10) months** of this Court's decision on the Motion to Dismiss.

**7.      Bifurcation.**

**Plaintiffs' Position**

Plaintiffs' position is that no bifurcation is necessary in this case. Plaintiffs oppose any case-specific limitations on discovery or bifurcation of discovery by issue, as class certification and merits discovery are likely to overlap greatly, if not entirely, in this matter. Plaintiffs will, of course, work informally to prioritize discovery necessary to move for class certification as soon as practicable.

**Glamnetic's Position**

Glamnetic believes that, before a ruling on Plaintiffs' anticipated class certification motion, discovery should be limited to class certification issues; if the Court grants class certification, then class merits discovery should proceed. Glamnetic does not, however, believe that formal bifurcation between class certification and class merits issues is necessary at this time. Glamnetic anticipates that the Parties will be able to work cooperatively on the proper scope of pre-certification discovery and, if any disagreements arise, the Parties will raise the issue with the Court. To the extent additional discovery remains to be completed following entry of an order on

class certification, Glamnetic proposes that the Parties meet and confer and present the Court with a schedule for orderly completion of the remaining discovery.

**8.      Pretrial statements in Local Civil Rules 16(e), (h), (i), (k), and 16.1.**

At this time, the Parties do not believe that the pretrial statements or pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in part for economy. The Parties reserve the right to amend later if it becomes too burdensome.

**9.      Any other suggestions for shortening or simplifying the case.**

The Parties do not currently have other suggestions for simplifying or shortening the case.

**10.     The date the case will be ready for trial.**

The Parties submit that this case should be ready for trial by September 1, 2027.

**11.     Whether the trial will be jury or non-jury.**

Plaintiffs have requested a trial by jury.

**12.     The number of trial days required.**

Plaintiffs estimate seven days for a trial.  Glamnetic anticipates that a trial will last 10 to 15 days.

**13.     Trial Counsel's contact information.**

Plaintiffs' counsel are Lynn Toops, Natalie Lyons, and Ian Bensberg of Cohen Malad, LLP, One Indiana Square, Suite 1400, Indianapolis, IN 46204 (317-636-6481); J. Gerard Stranch, IV, Michael Tackeff, and Andrew Murray of Stranch, Jennings & Garvey, PLLC, 223 Rosa L. Parks Avenue, Suite 200, Nashville, TN 37202 (615-254-8801); and Samuel Strauss and Raina Borrelli of Strauss Borrelli, LLP, 980 N. Michigan Avenue, Suite 1610, Chicago, IL 60611 (872-263-1100).

Defendant's counsel are: 1)Lauren B. Rainwater and Rachel Herd of Davis Wright Tremaine LLP, 920 Fifth Avenue, Suite 3300, Seattle, WA 98104, (206) 622-3150; and 2) Philip N. Yannella and Thomas P. Cialino of Blank Rome LLP, 130 North 18th Street, Philadelphia, PA 19103, (215) 569-5668.

### 14.    Complications in trial dates.

At the present time, the Parties do not anticipate any conflicts with the proposed trial date.

### 15.    Service of process.

Service has been completed on all defendants in this case.

### 16.    Scheduling Conference.

The parties do not wish to have a scheduling conference in advance of the Court's entry of a scheduling order in this case unless the Court sees fit.

### 17.    Disclosure Statement.

Defendant filed its Disclosure Statement on January 5, 2026.

Local Rule 7.1 does not apply to Plaintiffs as individuals.

*[Counsel signatures to follow on next page.]*

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 13

RESPECTFULLY SUBMITTED this 20th day of April, 2026.

/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA No. #46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

Gerard J. Stranch, IV*
Michael C. Tackeff (*pro hac vice*)
Andrew K. Murray*
**STRANCH, JENNINGS &**
**GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

**\* Applications for admission**
*pro hac vice* **forthcoming**

*Counsel for Plaintiffs and the Putative Class*

/s/ Thomas P. Cialino
Thomas P. Cialino (*pro hac vice*)
Philip N. Yannella (*pro hac vice*)
**BLANK ROME**
One Logan Square
130 N 18th St
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 832-5792
thomas.cialino@blankrome.com
philip.yannella@blankrome.com

Lauren Burdette Rainwater
Rachel H Herd
**DAVIS WRIGHT TREMAINE**
920 Fifth Ave, Ste 3300
Seattle, WA 98104-1610
Telephone: (206) 622-3150
Facsimile: (206) 757-7700
laurenrainwater@dwt.com
rachelherd@dwt.com

*Counsel for Defendant*
*Glamnetic LLC*

PARTIES' JOINT STATUS REPORT
AND DISCOVERY PLAN PURSUANT
TO FED. R. CIV. P. 26(F) - 14